ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
JAMIE Z. THOMAS, Assistant United States Attorney (#9420)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cr-305 HCN |
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| vs. | |
| RYAN DAVID LUCERO, | Judge Howard C. Nielson |
| Defendant. | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.      As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Count I of the Indictment.  My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney.  I understand the charge and what the United States is required to prove in order to convict me.  The elements of Count I, Influencing a Federal Official by Threat, a violation of 18 U.S.C. § 115(a)(1)(B) are:

- I threatened to assault, kidnap, or murder a Federal law enforcement officer;

- I intended to impede, intimidate, or interfere with such law enforcement officer while he was engaged in the performance of official duties, and to retaliate against such law enforcement officer on account of the performance of his official duties.

2.      I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 18 U.S.C. § 115(a)(1)(B) is a term of imprisonment of 10 years, a fine of $250,000 a term of supervised release of 36 months, and any applicable forfeiture.  I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

a.      Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.  Furthermore, restitution to the victim of my offense may be ordered pursuant to 18 U.S.C. § 3663A.

b.      I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3.      I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence.  I have discussed these procedures with my attorney.  I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4.      I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.      I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6.      I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

a.      I have a right to the assistance of counsel at every stage of the proceeding.

b.      I have a right to see and observe the witnesses who testify against me.

c.      My attorney can cross-examine all witnesses who testify against me.

d.      I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses.  If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

e.      I cannot be forced to incriminate myself, and I do not have to testify at any trial.

2

      f.  If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

      g.  The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

      h.  It requires a unanimous verdict of a jury to convict me.

      i.  If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7.    If I plead guilty, I will not have a trial of any kind.

8.    I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9.    I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10.    I know that under a plea of guilty the judge may ask me questions under oath about the offense.  The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.    I stipulate and agree that the following facts accurately describe my conduct.  These facts provide a basis for the Court to accept my guilty plea:

> On June 7, 2020, I left a picture that I colored in L.W.'s mailbox in Magna, Utah. The picture depicted a pig with a police hat with a gun pointed at one side of the head and blood coming out of the other side of the head. At the time, I lived in the same neighborhood as L.W. and I was aware that he was a law enforcement officer. I intended to intimidate and interfere with L.W. in the performance of his official duties and I intended to retaliate against L.W. because he is a law enforcement officer. I admit that my conduct violated 18 U.S.C. § 115(a)(1)(B).

12.    The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

      a.  **Guilty Plea.**  I will plead guilty to Count I of the Indictment.

      b.  **Relevant Conduct.**  I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against

me, will not be pleaded to by me, or both.  I understand and agree that the Court may take these facts into consideration in sentencing.

      c.  **Acceptance of Responsibility**.  The United States agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines.  In addition, the United States agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

      d.  **Low-End Recommendation**.  The United States agrees to recommend at sentencing that I be sentenced at the low-end of the Sentencing Guideline range determined by the Court.  The United States' agreement is based on the facts and circumstances currently known to the United States.  If additional facts regarding my history and characteristics or the nature and circumstances of my conduct are discovered prior to sentencing, the United States reserves the right to reconsider this recommendation.  I understand that the Court is not bound by the United States' recommendation.

      e.  **Other United States' Concessions**. The United States agrees to recommend at sentencing that no term of supervision be imposed.

      f.  **Appeal Waiver.**

      (1)    Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.  I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

      (2)    I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, and my conviction, in any collateral review motion, writ or other procedure, including but not

limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3)     I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(4)     I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to:  (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

g.  (5)     Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

h.  **Presentence Report and Financial Information.**  I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

i.  **Restitution.**

(1)     I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1) based on the charge to which I am pleading guilty. My attorney has explained what mandatory restitution means. I also agree to pay restitution to victims of unpleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663A(a)(3).

(2)     I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(3)     I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised

release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

13.    I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14.    I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

*      *      *      *

I make the following representations to the Court:

1.    I am _____ years of age.  My education consists of _____.
I _____ [can/cannot] read and understand English.

2.    This Statement in Advance contains all terms of the agreements between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms.  I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3.    No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.    Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5.    I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.    I am satisfied with my lawyer.

7.    My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.  I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.    I have no mental reservations concerning the plea.

6

9.      I understand and agree to all of the above.  I know that I am free to change or delete anything contained in this statement.  I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this _____ day of _____, ____.


_____
RYAN DAVID LUCERO
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement.  I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this _____ day of _____, ____.


_____
WENDY LEWIS
Attorney for Defendant


I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 9th day of March 2021.

ANDREA T. MARTINEZ
Acting United States Attorney


_____
JAMIE Z. THOMAS
Assistant United States Attorney